CITY OF MIDDLETOWN, APPELLEE, *v.* JACKSON, APPELLANT.

(No. CA81-11-0117—Decided January 12, 1983.)

*Mr. Robert Dumes,* for appellee.
*Mr. Jerry M. Bryant,* for appellant.

*Per Curiam.* On July 13, 1981, Dalen Jackson, husband of appellant, signed an affidavit in the Middletown Municipal Court charging appellant, Vicki Jackson, with felonious assault. The offense was allegedly committed on July 11, 1981. The case was withdrawn at the request of the prosecution.

On August 3, 1981, another complaint was filed against appellant based upon the same incident. This case was also withdrawn.

On September 11, 1981, a third complaint was filed against appellant relative to the same incident. Appellant filed a motion to dismiss based upon an alleged

failure to afford appellant a speedy trial as required by R.C. 2945.71. The trial court denied the motion and included in its entry Civ. R. 54(B) language in an attempt to allow an immediate appeal. Appellant filed a notice of appeal from the denial of her motion.

We hold that the order from which appellant appealed is not a final appealable order. First, we believe that Civ. R. 54(B) has no application to criminal cases. Further, we feel that the order appealed from is not inherently a final order. *State* v. *Cinema X Bookstore* (1976), 49 Ohio App. 2d 164 [3 O.O.3d 218]; *State* v. *Lile* (1974), 42 Ohio App. 2d 89 [71 O.O.2d 524]. Allowance of appeals from interlocutory criminal orders would result in piecemeal appeals that would ultimately delay and impede criminal justice administration.

In *State* v. *Eberhardt* (1978), 56 Ohio App. 2d 193 [10 O.O.3d 197], the court held that denial of a motion to dismiss upon the issue of speedy trial was a final appealable order. *Eberhardt,* however, is clearly distinguishable from the case *sub judice* because in *Eberhardt* the denial of the motion to dismiss was followed by a *nolle prosequi.* The *Eberhardt* court noted that the denial of a motion to dismiss is not ordinarily a final appealable order, but stated that since it was followed by a *nolle prosequi* the case was final and appealable.

This court is aware of *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], certiorari denied (1980), 449 U.S. 852, which held that the overruling of a motion to dismiss based upon double jeopardy is a final appealable order. We decline to extend *Thomas* to allow an interlocutory appeal in the case *sub judice.*

In accordance with this decision the appeal is hereby dismissed and the case is remanded to the Middletown Municipal Court for further proceedings according to law.

*Appeal dismissed.*

HENDRICKSON, P.J., and JONES, J., concur.

KOEHLER, J., dissents.

KOEHLER, J., dissenting. The rationale of *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262], certiorari denied (1980), 449 U.S. 852, appears to me to be equally valid when applied to a special proceeding affecting a substantial right of the appellant.

The majority, in finding this appeal was not taken from a final appealable order, distinguished *State* v. *Eberhardt* (1978), 56 Ohio App. 2d 193 [10 O.O.3d 197], which I believe to be controlling and not distinguishable in principle.

If the legislature determined that an accused should be discharged if not tried within the scope of R.C. 2945.71, it would not follow that such accused would have to be tried in order to raise the issue.

While I share the concerns of the majority for the effect of piecemeal appeals upon the administration of criminal justice, I feel such are beyond the province of this court.