THE STATE OF OHIO, APPELLEE, *v.* TORCO TERMITE PEST CONTROL, APPELLANT.

(No. 85AP-22—Decided December 26, 1985.)

*Michael Miller*, prosecuting attorney, and *James D. Gilbert*, for appellee.

*Merullo, Reister & Swinford Co., L.P.A.*, and *Victor D. Merullo*, for appellant.

MOYER, J. This matter is before us on the appeal of defendant-appellant, Torco Termite Pest Control ("Torco"), from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, the state of Ohio, overruling Torco's motion to dismiss for lack of jurisdiction. Torco's motion alleged that the statute of limitations for prosecution of Torco had run, and that Torco's due process rights were violated by late prosecution.

The state has filed a motion to dismiss the appeal, alleging that there is no final appealable order.

Torco was charged by the Ohio Department of Agriculture with violating R.C. 921.25(A) and (F) when, on September 15, 1982, Torco allegedly applied and used the pesticide Aldrin at a residence in Gahanna. The complaint alleges that Aldrin was used in a negligent manner, inconsistent with Aldrin's labeling requirements.

The complaint was dated September 29, 1984, more than two years after the allegedly unlawful act, but notes that the act was not determined to be an offense until October 7, 1982.

Torco's motion to dismiss for lack of jurisdiction was overruled by the trial court.

Torco appeals that order with one assignment of error, which states:

"The trial court erred as a matter of law in overruling Defendant's Motion to Dismiss based upon lack of jurisdiction because prosecution is barred by Ohio Revised Code Section 2901.13 Limitation of Criminal Prosecutions and because the Defendant experienced a violation of its due process rights."

The state has filed a motion to dismiss the appeal, arguing that Torco's appeal "* * * is merely from an interlocutory order of the Municipal Court, which is not a final appealable

order * * *. To hear such an Appeal is beyond the jurisdiction and authority of this Court so long as this case is pending and undetermined in the Municipal Court * * *."

The state's motion presents a threshold question of appellate jurisdiction: whether a pretrial ruling of a trial court denying a motion to dismiss a complaint on statute of limitations grounds, and related due process grounds, provides a proper basis for an interlocutory appeal. Because we conclude that the trial court's pretrial order is not a judgment or final order for purposes of R.C. 2953.02, we dismiss the appeal.

Section 3(B)(2), Article IV, Ohio Constitution grants appellate courts "such jurisdiction as may be provided by law to review and affirm, modify, or reverse *judgments or final orders* of the [inferior] courts * * *." (Emphasis added.) This rule of finality prevents piecemeal litigation, avoids delay, and thereby promotes judicial economy. Delay adversely affects the defendant's interest in a speedy trial and fresh evidence, and the public's interest in having prompt and effective prosecution and fresh evidence to prove its case.

The requirement that appeals be from "judgments or final orders" in criminal cases is embodied in R.C. 2953.02, which states in pertinent part:

"In a criminal case, including a conviction for the violation of an ordinance of a municipal corporation, the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals. * * *"

A "final order," further defined in R.C. 2505.02, includes:

"An order affecting a substantial right in an action which in effect determines the action and prevents a judgment, [or] an order affecting a substantial right made in a special proceeding * * *."

This definition of "final order" applies to both criminal and civil appeals.

*State, ex rel. Leis,* v. *Kraft* (1984), 10 Ohio St. 3d 34, 36; *State* v. *Collins* (1970), 24 Ohio St. 2d 107, 108 [53 O.O.2d 302].

The trial court's ruling on the pretrial motion at issue here is not a "judgment" in the sense of an adjudication on the merits, appealable under R.C. 2953.02. Neither is it an order "affecting a substantial right in an action which in effect determines the action and prevents a judgment." While Torco would acquire a substantial vested right if the statute of limitations has in fact run, the ruling does not conclusively determine the action or prevent a judgment. The case can proceed on the merits to judgment of guilt or acquittal. Thus, if the ruling here is to be a "final order," it must fall within the category of "order[s] affecting a substantial right made in a special proceeding."

There is no legislative definition of "special proceeding," and the term has therefore been the subject of considerable and sometimes unpredictable judicial interpretation. The Ohio Supreme Court has stated:

"* * * [W]hether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Amato* v. *General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258 [21 O.O.3d 158]; *State* v. *Port Clinton Fisheries, Inc.* (1984), 12 Ohio St. 3d 114, 116.

Weighing the interests set forth in *Amato* v. *General Motors Corp., supra,* we conclude that an appeal from a trial court's denial of a motion to dismiss on the ground that the statute has run is not a final order. Permitting an appeal from statutes of limitations claims will only add to pretrial delay and compound

evidentiary problems the statutes are intended to prevent. Delay also compromises the state's interests in prompt prosecution and in conserving judicial resources.

The United States Court of Appeals for the Third Circuit has carefully considered the issue presented by the state's motion to dismiss, and we follow the court's reasoning found in *United States* v. *Levine* (C.A. 3, 1981), 658 F. 2d 113, 125. The court in *Levine* analyzed the appeal of a pretrial motion to dismiss on statute of limitations grounds and clarified, with a critical distinction, the nature of the substantive right created by statutes of limitations.

Applying the three factors from *Cohen* v. *Beneficial Industrial Loan Corp.* (1949), 337 U.S. 541, 545-547, which define the collateral order doctrine (see, also, *Coopers & Lybrand* v. *Livesay* [1978], 437 U.S. 463, 467; and *Firestone Tire & Rubber Co.* v. *Risjord* [1981], 449 U.S. 368, 376), the court in *Levine* held, at 129:

"Since pretrial orders involving statute of limitations challenges often do not conclusively determine the disputed question, cannot always be separated from the principal trial issue, and do not entail an irreparable loss of rights, denials of motions to dismiss on statute of limitations grounds fail to fulfill in large part the three *Cohen* criteria. * * *"

The *Levine* court also observed that the need for immediate review is not great, and that the rights protected by statutes of limitations are not irreparably lost absent immediate review.

In its analysis of the *Cohen* criteria, the *Levine* court distinguished the interests protected by the Double Jeopardy and Speech and Debate Clauses of the United States Constitution from those protected by the Speedy Trial Clause, finding statutes of limitations to be more closely aligned with speedy trial concerns. The Double Jeopardy and Speech and Debate Clauses confer immunity from prosecution, and are offended by the very existence of a trial, whereas statutes of limitations, like the Speedy Trial Clause, are offended by delay before trial, and not the trial itself. *United States* v. *Levine, supra,* at 127. The court concluded that statutes of limitations therefore do not entail a right to be free from trial. *United States* v. *Levine, supra,* at 126.

Ohio law supports the distinction noted in *United States* v. *Levine, supra,* between interests protected by the Double Jeopardy Clause and interests protected by the Speedy Trial Clause. The denial of a motion to dismiss on double jeopardy grounds is immediately appealable, *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262]; whereas the denial of a motion to dismiss on speedy trial grounds is not a final appealable order. *Middletown* v. *Jackson* (1983), 8 Ohio App. 3d 431.

In its motion to dismiss the complaint, Torco also alleged that the state's prosecution, after the statute of limitations had expired, is a violation of due process rights, in that Torco has experienced prejudice by the delay. This second aspect of the motion is predicated upon the validity of its claim that the statute of limitations has run, and that as a result it has an absolute right to be free from trial because the delayed prosecution presumptively prejudices the defense. We are not persuaded by this argument.

Torco's due process concerns are implicitly considered in the balancing test set forth in *Amato* v. *General Motors Corp., supra.* The rights protected by statutes of limitations are not irreparably lost absent immediate review, but, rather, the prejudice caused by a delayed trial and stale evidence may be best assessed after a trial. Our analysis above and Ohio law supports the conclusion of *United States* v. *Levine, supra,* that the statute of limita-

tions seeks to avoid unnecessary, prejudicial, and delayed trials, but does not accord an absolute right to be free from trial. Under Ohio law, therefore, the balance of interests set forth in *Amato* tips in favor of denying an appeal in this case. We observe that this result is consistent with pre-1970 Ohio law.

Prior to the adoption of the Ohio Civil Rules, it was well-settled that no final appealable order existed upon the overruling or sustaining of a demurrer to pleadings, since such an order, without more, left the action still pending in the lower court. Accordingly, *Hughes* v. *Everett* (1955), 71 Ohio Law Abs. 61, and *Trunk* v. *Hertz Corp.* (1964), 95 Ohio Law Abs. 364 [32 O.O.2d 264], held that the overruling of a demurrer based on the running of the statute of limitations was not a final appealable order.

\* \* \*[1]

For the foregoing reasons, the state's motion to dismiss the appeal is granted, and the appeal is hereby dismissed.

*Appeal dismissed.*

McCORMAC and STERN, JJ., concur.

STERN, J., retired Justice of the Supreme Court of Ohio, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

---

[1] The text of the opinion as it appears herein was abridged by Judge Moyer.