OPINION AND JOURNAL ENTRY
Appellant was indicted for aggravated arson on October 8, 1998. He entered a plea of not guilty on October 20, 1998 before Magistrate Joseph R. Bryan. Thereafter, on November 18, 1998, original trial counsel for appellant was permitted to withdraw and appellant was granted thirty days to notify the court of his substitute counsel. On December 16, 1998, appellant and his new counsel signed a waiver of his speedy trial right, but specifically reserved the right to file a motion to dismiss on speedy trial grounds for time elapsed up to the date of filing the waiver.
Relevant to this appeal, on February 9, 1999, defendant-appellant filed a motion for discharge for delay in trial. For cause appellant argues that he was arrested on January 8, 1998, a preliminary hearing was not conducted until August 25, 1998 and following bindover he was not indicted until October 8, 1998. Appellant argues that October 5, 1998 was 270 days from the date of his arrest, not counting the one day spent in jail. Pursuant to R.C. 2945.71 (C) (2) appellant maintains that he is entitled to discharge.
In response, the State of Ohio argued that the delay was occasioned by a defense motion to determine competency, which tolls the time pursuant to R.C. 2945.72 (B) and (H). Such determination of competency took 83 days. Moreover, appellee argues that the record from Austintown County Court reflects that the defense had filed a request for continuance to pursue plea negotiations.
On March 5, 1999, the trial court overruled the motion to dismiss, finding that:
 "* * * although the lower court did not prepare a separate Journal Entry staying the proceedings pursuant to Section 2945.37, the Court was under a mandatory obligation to order that the Defendant's competence to stand trial be examined * * * It is clear from the pleadings filed by the Defendant or, on the Defendant's behalf, that a delay of at least eighty-four days occurred from the time that the Defendant filed the Motion to Determine Competence and the day that the competency evaluation was filed with the Austintown Court. Section 2945.37 provides that a hearing must be held within ten (10) days after the filing of the report. As such, the speedy time provisions were stayed from January 21, 1998 until April 25, 1998, for a total of 94 days."
It is from this order that appellant filed a Notice of Appeal on March 30, 1999. Upon instruction from this court the parties have filed jurisdictional memorandums. Appellant filed his on July 27, 1999 and appellee filed its memorandum on July 28, 1999.
Appellant acknowledges that under the prior version of R.C.2505.02 the denial of a motion to dismiss for a violation of speedy trial rights was not a final appealable order. City ofMiddletown v. Jackson (1983), 8 Ohio App.3d 431; State v. CinemaX Bookstore (1976), 49 Ohio App.2d 164.
In his analysis that such order is now subject to immediate review appellant offers that it is an order that affects a substantial right in a special proceeding. Appellant utilizes the definitions found in the revised statute. Under R.C. 2505.02(A) (1):
 "(1) `Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."
It cannot be disputed that there is an absolute statutory right to be brought to trial within 270 days of arrest. (R.C. 2945.71
(C) (2)).
Special proceeding as defined under R.C. 2505.02 (A) (2):
 "* * * means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."
This definition is essentially the holding of Polikoff v. Adam
(1993), 67 Ohio St.3d 100, which overruled a balancing test formerly enunciated in Amato v. General Motors Corp. (1981),67 Ohio St.2d 253. Critical to appellant's argument is a finding that the criminal proceeding is a "special proceeding" under the revised statute. Appellant argues that the General Assembly did not incorporate the precise language from Polikoff, supra thus intentionally creating a meaningful distinction. Appellant argues that the phrase "was not denoted as an action at law or a suit in equity" seems to refer to cases that are now recognized as civil actions. Appellant continues that there are no common law crimes (R.C. 2901.03) and although criminal statutes were recognized at common law they were not actions at law. In appellant's view the General Assembly has declared criminal cases to be special statutory proceedings under the revised statute.
Appellee, in its memorandum, concentrates its argument that the only possible arguable avenue of appeal would be under the new "provisional remedy" paragraph. While appellee does not directly refute appellant's argument of a substantial right in a special proceeding, appellee does cite to State v. Chalender
(1994), 99 Ohio App.3d 4, 7 for the proposition that:
 "A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right."
Accordingly, the substantial right of a criminal defendant to be discharged if not brought to trial within the time limits provided by statute will be enforced upon any appeal following final disposition of the criminal proceeding. Moreover, we agree with the reasoning of Jackson, supra at 432 that:
 "Allowance of appeals from interlocutory criminal orders would result in piecemeal appeals that would ultimately delay and impede criminal justice administration."
We cannot envision any effort intentional or otherwise, by the General Assembly, to promulgate laws that frustrate the prompt administration of criminal justice.
A determinant of whether an order should qualify as an appealable order is the practicability of an appeal after final judgment. As stated in State v. Edwards (Sept. 18, 1989), Butler App. No. CA89-07-103, unreported:
 "A ruling which implicates a claim of right that would be irreparably lost if it could not be reviewed until after final judgment is likely to be deemed a final order. The existence of a remedy by way of appeal at the conclusion of a case is a major consideration in determining whether an order is a final appealable order. State ex rel. Leis v. Kraft
(1984), 10 Ohio St.3d 34, 36-37."
Although such reasoning predates the decision in Polikoff,supra and the revision to R.C. 2505.02 effective July 22, 1998, its logic remains sound in the morass of uncertainty created by the revised statute.
We decline to adopt the view of appellant that the order appealed affects a substantial right in a special proceeding. As stated in State v. Myers (1994), 92 Ohio App.3d 750, 754:
 "Any ordinary proceeding in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment is an action. In re Estate of Wyckoff
(1957), 166 Ohio St. 354, 2 O.O.2d 257, 142 N.E.2d 660. Criminal actions existed at common law and were not established by special legislation."
Although R.C. 2901.03 abrogated common law offenses the controlling issue is whether criminal actions existed at common law. They did.
There being no special proceeding below, there is no independent right to an immediate appeal of the denial of a motion to dismiss on the grounds of a violation of the speedy trial statute. The very thrust of Polikoff, supra was to return to a more predictable and exacting method to determine orders entered in special proceedings. Inasmuch as criminal actions existed at common law and the General Assembly substantially adopted the definition of "special proceeding" as found inPolikoff, supra in the revised statute, we find that the order appealed is not a final order subject to immediate review.
Appeal sua sponte dismissed for lack of a final order as defined by statute.
Costs taxed against appellant.
Copy of this opinion and journal entry to counsel of record and Judge John M. Durkin. ______________________________ HON. GENE DONOFRIO
 ______________________________ HON. JOSEPH J. VUKOVICH
 ______________________________ HON. CHERYL WAITE