[Cite as *State v. Pruitt*, 2012-Ohio-1535.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96852**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KENNY PRUITT

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542464

**BEFORE:**   Celebrezze, J., Blackmon, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   April 5, 2012

**ATTORNEY FOR APPELLANT**

R. Brian Moriarty
R. Brian Moriarty, L.L.C.
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Norman Schroth
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Kenny Pruitt, brings the instant appeal from his no-contest plea to several charges. After a review of the trial court's entry of conviction and sentence in this case, we must dismiss for lack of a final, appealable order.

{¶2} After an unsuccessful motion to suppress, appellant changed his plea from not guilty to no contest. The trial court found him guilty of all 12 charges in the indictment: three counts of aggravated robbery in violation of R.C. 2911.01(A); three counts of felonious assault in violation of R.C. 2903.11(A); one count of aggravated burglary in violation of R.C. 2911.11(A); one count of kidnapping in violation of R.C. 2905.01(A); one count of having a weapon while under disability in violation of R.C. 2923.13(A); one count of carrying a concealed weapon in violation of R.C. 2923.12(A); one count of possession of criminal tools in violation of R.C. 2923.24; and one count of tampering with evidence in violation of R.C. 2921.12(A).

{¶3} In its May 27, 2011, nunc pro tunc sentencing entry, the trial court imposed an aggregate ten-year prison sentence. However, the entry did not impose sentence on Count 6, aggravated robbery, because the trial court found this charge was a duplicate of Count 1. The trial court had previously found appellant guilty of this count during his plea hearing. This court remanded the case to the trial court to clear up the ambiguity in

Count 6, but the court issued a journal entry stating, "THERE WAS NO SENTENCE ON COUNT 6 AS REFERENCED IN THE JUDGEMENT ENTRY BECAUSE COUNT 1 AND COUNT 6 ARE IDENTICAL AND REDUNDANT."

{¶4} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester,* 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, at paragraph one of the syllabus.

{¶5} The trial court's entry of sentence does not dispose of all charges against appellant. "[A] trial court's failure to dispose of any of the charges against a defendant in a single case renders the trial court's journal entry non-final in regard to all of the charges against him." *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343, ¶ 7. This is because "the Ohio Constitution limits appeals to final orders 'as a means of preventing piecemeal litigation, avoiding delay, and promoting judicial economy.'" *Id.* at ¶ 11, quoting *Wilcox v. Nick's L.A. Prods.*, 9th Dist. No. 15064, 1991 WL 168593, *1 (Aug. 28, 1991), citing *State v. Torco Termite Pest Control*, 27 Ohio App.3d 233, 234, 500 N.E.2d 401 (10th Dist.1985).

{¶6} The trial court's journal entry finds appellant guilty of both identical counts of aggravated robbery, but does not impose sentence on Count 6 or find that it merges with Count 1. All counts must be properly disposed of by merging them as allied offenses, dismissing them, or imposing sentence. An order setting forth that a charge is

redundant does none of these things. Therefore, this court lacks a final, appealable order in this case.

{¶7} Accordingly, this appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY J. BOYLE, J., CONCUR