[Cite as *State v. Orr*, 2014-Ohio-4814.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100931**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**DARLLEL ORR**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574648-A

**BEFORE:** McCormack, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

**ATTORNEY FOR APPELLANT**

Jeffrey Froude
P.O. Box 771112
Lakewood, OH 44107

Darllel B. Orr, pro se
# 0206100
Cuyahoga County Jail
P.O. Box 5600
Cleveland, OH 44101


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Blaise D. Thomas
Assistant County Prosecutor
The Justice Center, 9th Floor
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1}    This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.    Darllel Orr was indicted for sex offenses after his DNA matched a 1993 rape case.    In the multiple court proceedings held over this criminal matter subsequently, Orr refused to have counsel appointed for him, but also refused to participate in the necessary colloquy to allow the trial court to determine that his waiver of counsel was intelligent and knowing. Because of Orr's obstructionist conduct, the trial court was unable to make a record that Orr's waiver of counsel was intelligent and knowing.    It therefore found Orr relinquished his right to represent himself.    The trial court, however, allowed Orr to appeal the issue to this court, so that there is finality to this issue and the trial could proceed.    After a careful review of the record before us, we affirm the trial court's finding.

## Substantive Facts and Procedural History

{¶2} Orr was arrested on March 12, 2012, for homicide.[1]    While he was held in the county jail, a "Combined DNA Index System" ("CODIS") hit linked him to a 1993 rape.    On May 23, 2013, the grand jury indicted him for rape, sexual battery, and kidnapping.    However, the proceedings were repeatedly delayed because Orr refused to have counsel appointed to represent him for the rape matter and, at the same time, refused to answer questions from the trial court to allow it to ascertain that Orr's waiver of counsel was    knowing and intelligent.    In fact,

---

[1]The homicide case was subsequently tried to the bench.    Orr represented himself, putting on 20 witnesses on his behalf.      On December 18, 2013, Orr was found guilty of aggravated murder with firearm specifications, murder, and kidnapping with repeat violent offender specification.    The court sentenced Orr to life in prison without parole.

Orr's conduct was so disruptive that during two of the proceedings, the trial court removed him from the courtroom.

**{¶3}** On December 19, 2013, the trial court again attempted to ascertain that Orr's waiver of counsel was knowing and intelligent. Orr, again, refused to answer questions from the court. The proceeding ended with Orr holding *the trial judge* in contempt of court and calling the trial judge a criminal; Orr was once again removed from the courtroom.

**{¶4}** On December 24, 2013, the trial court issued a journal entry. It found that Orr refused to respond to questions from the court regarding whether he knowingly and intelligently waived his right to counsel. The court noted that Orr obstructed the December 19, 2013 hearing by interrupting the court and refusing to remain quiet, which resulted in the court holding Orr in direct contempt of the court and removing him from the courtroom. The court stated that because of Orr's refusal to engage in the necessary colloquy, the court was unable to establish Orr's understanding of the nature of the allegations and the pitfalls of self-representation, or to address other pertinent factors necessary for a knowing and intelligent waiver. For these reasons, the court found Orr relinquished his right to self-representation.

**{¶5}** On January 22, 2014, the court informed Orr in open court of its finding that he had relinquished his right to self-representation by refusing to respond to necessary inquiries regarding his waiver of counsel. Orr "objected to" the court's finding. Because of Orr's objection, the trial court appointed counsel to allow Orr to file an interlocutory appeal on the self-representation issue.

**{¶6}** On appeal, Orr's appointed appellate counsel raises one assignment of error. It states: "The trial court erred by refusing to address defects in the institution of prosecution before insisting on the retaining of or appointment of court attorney."

## Right to Self-Representation

{¶7} The Sixth Amendment guarantees a criminal defendant a right to self-representation. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph one of the syllabus, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525 (1975).

{¶8} However, the right of self-representation is not absolute. *Indiana v. Edwards*, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008). The courts are to indulge in every reasonable presumption against the waiver of a fundamental constitutional right such as the right to be represented by counsel. *State v. Dyer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996). A defendant's assertion of the right to proceed pro se must be knowing, intelligent, and voluntary. *State v. Halder*, 8th Dist. Cuyahoga No. 87974, 2007-Ohio-5940, ¶ 51, citing *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81. Before a trial court permits a criminal defendant to represent himself, a valid waiver of counsel must appear affirmatively in the record. *State v. Irwin*, 8th Dist. Cuyahoga No. 90772, 2009-Ohio-848; *State v. Martin*, 8th Dist. Cuyahoga No. 80198, 2003-Ohio-1499.

{¶9} To establish an effective waiver, "the trial court must make sufficient inquiry to determine whether a defendant fully understands and intelligently relinquishes that right." *Irwin* at ¶ 34, citing *Gibson* at paragraph two of the syllabus. There is no prescribed colloquy, however. What is essential is that the trial court ascertains that the defendant is aware of the dangers and disadvantages of self-representation, and that he is making the decision with his "eyes open." *Irwin* at ¶ 35, citing *Faretta* at 835.

{¶10} Our review of the record reflects that Orr attempted to obstruct the process of this criminal matter almost from the beginning. During his arraignment on May 29, 2013, Orr advised the court he had terminated his counsel. When the trial court stated it would appoint

standby counsel, Orr refused to have standby counsel appointed. In several hearings held subsequently, Orr repeatedly refused to answer questions from the trial court or otherwise allowed the court to determine that his waiver of counsel was knowing and intelligent. The trial court was confronted with a defendant who persisted in conduct that delayed and obstructed the trial process. Orr was indicted on May 23, 2013, in the rape case, but, after multiple pretrials, as late as January 23, 2014, the trial court was still unable to establish waiver of counsel to allow the proceeding to go forward, because of Orr's continuing obfuscation and obstruction.

{¶11} "[T]rial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." *Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). "[A] judge is at all times, during the sessions of the court, empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court's business." *State v. Chambers*, 10th Dist. Franklin No. 99AP-1308, 2000 Ohio App. LEXIS 3104, *10-11, 12-15 (July 13, 2000), citing *State v. Clifford*, 162 Ohio St. 370, 372, 123 N.E.2d 8 (1954).

{¶12} The trial court was obligated to establish that Orr gave up his constitutional right to counsel knowingly and intelligently. It was unable to do so because of Orr's persistence in refusing to answer any questions necessary for such a determination. Under such circumstances, we hold that the trial court was empowered to make the finding that the defendant relinquished his right to self-representation so as to allow the matter to proceed to trial. The trial court's finding is affirmed.

**Other Claims**

{¶13} Under the assignment of error, Orr makes an additional claim. He argues the indictment as read to him in his arraignment was insufficient because it did not identify the victim

or the location of the alleged rape incident. Orr's claim of an insufficient indictment does not fall within the narrow class of cases in which interlocutory appeal is permissible, because we do not even have an "order," not to mention a final appealable order, to review. Whatever the merits of his contention, it may be reviewed upon an appeal from a final order following conviction, if any.

{¶14} Orr separately filed a pro se supplemental brief, raising three supplemental assignments of error. They state:

> 1. Trial court was divested of subject-matter jurisdiction to execute O.R.C. 2941.49 and Crim.R. 10 devoid [sic] of servicing appellant proper notice of the indictment and absent evidence of court ascertaining a knowing, voluntary, and intelligent waiver of counsel in accord to law.

> 2. As a matter of law, trial court violated appellant's due process rights upon it's [sic] overt dereliction of duty to comply with discovery rules and procedures within the statutory period allowed.

> 3. As a matter of law, trial court violated appellant's due process rights upon it's [sic] over dereliction of duty to comply with statutory and constitutional speedy trial mandates.

{¶15} The first supplemental assignment of error is similar to the assignment of error raised by Orr's appellate counsel, which we have just addressed. As to the second and third supplemental assignment of error, the state filed a motion to dismiss issues raised in these assignments of error on the ground that the challenged rulings by the trial court are not final appealable orders. We agree with the state. *See State ex rel. Steckman v. Jackson*, 70 Ohio St.3d 420, 438, 639 N.E.2d 83 (1994). Furthermore, the trial court's denial of a motion to dismiss on speedy trial grounds is not a final appealable order either. *See Middletown v. Jackson*, 8 Ohio App.3d 431, 432, 457 N.E.2d 898 (12th Dist.1983).

**{¶16}** For the foregoing reasons, the judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE., JR., J., CONCUR