[Cite as *In re S.R.*, 2015-Ohio-3328.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: S.R.

C.A. No.     27519

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN 12-03-146

DECISION AND JOURNAL ENTRY

Dated: August 19, 2015

HENSAL, Presiding Judge.

{¶1}    Appellant, Rodney R. ("Father"), appeals from an order of the Summit County Court of Common Pleas, Juvenile Division, that denied his motion to dismiss the complaint, which was based on the trial court's alleged failure to comply with the time constraints of Revised Code Section 2151.35(B)(1) and Juvenile Rule 34(A).  This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2}    Father is the natural father of S.R., who was born January 23, 2004, in California, where Father continued to reside.  S.R. later moved with her mother to Summit County, Ohio. On March 4, 2012, S.R. was removed from her mother's home and, the next day, Summit County Children Services Board ("CSB") filed a complaint, alleging that S.R. was a neglected and dependent child.  Father was identified on the complaint as the only man alleged to be S.R.'s father and was served with the complaint and subsequent trial court notices at the same

California address throughout the trial court proceedings. Nonetheless, Father was not included in the case plan, and the record included no explanation for the agency's failure to include him.

{¶3} Father communicated with CSB via telephone several times during this case, but he did not attend any of the proceedings before the trial court, nor was he represented by counsel. During the trial court proceedings, CSB did not disclose to the court that it had received communications from Father and, in fact, suggested to the court that it did not know how to reach Father.

{¶4} S.R. was adjudicated a dependent child and placed in the temporary custody of CSB. CSB later moved for permanent custody of S.R. The mother appeared at the hearing and voluntarily relinquished her parental rights. Father was again not present, but the agency presented evidence from which the trial court later concluded that S.R. had been in the temporary custody of CSB for more than 12 or the prior 22 months and that permanent custody was in her best interest.

{¶5} After the final judgment, the trial court appointed counsel to represent Father on appeal. Father raised two assignments of error, and, after this Court's initial review of the record, it asked the parties to address a supplemental issue: whether the trial court committed plain error by terminating Father's rights despite CSB's failure to include him in any case planning or reunification efforts. This Court found merit in that supplemental issue, under the specific facts of this case, and reversed and remanded the permanent custody judgment on that basis. *In re S.R.*, 9th Dist. Summit No. 27209, 2014-Ohio-2749, ¶ 34.

{¶6} On remand, Father moved to dismiss the complaint. Father asserted that, because this Court had held that the trial court had erred in adopting case plans that failed to include Father, the trial court was required to hold a new dispositional hearing and adopt a new, legally

sufficient case plan. Father pointed to the language of Revised Code Section 2151.35(B)(1) and Juvenile Rule 34(A), which require that the initial dispositional hearing be held within 90 days of the filing of the complaint. Because a new dispositional hearing could not be held within the 90-day time period, as the complaint had been filed more than two years earlier, Father argued that the trial court was required to dismiss the complaint.

{¶7} The trial court denied Father's motion to dismiss the complaint, reasoning that this Court's mandate on remand did not nullify the trial court's initial dispositional hearing, which was held within the time constraints set forth in the Revised Code and the Juvenile Rules. Father appeals and raises one assignment of error.

II.

{¶8} During the pendency of this appeal, this Court ordered the parties to brief the issue of its jurisdiction to hear the appeal. Father filed a brief that argued in support of jurisdiction, and CSB argued that the appeal should be dismissed for lack of a final, appealable order. The matter proceeded through briefing on the merits, but this Court first must address whether it has jurisdiction to hear this appeal.

{¶9} Article IV, Section 3(B)(2) of the Ohio Constitution limits this Court's appellate jurisdiction to the review of final judgments of lower courts. "Generally, whether an order is final and appealable is determined by the effect the order has on the pending action, rather than the name attached to the order or its general nature." *In re T.G.*, 12th Dist. Butler No. 2008-01-026, 2008-Ohio-4165, ¶ 14.

{¶10} Under Revised Code Section 2505.02(B)(2), an order is final and appealable if it "affects a substantial right made in a special proceeding." This dependency action is governed by a statutory scheme set forth in Revised Code Chapter 2151 that was not recognized by

common law. *In re Adams,* 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43. Consequently, it is not disputed that Father appeals from an order that was made in a special proceeding.

{¶11} The pivotal question here is whether the order appealed by Father "affects a substantial right." Section 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." Moreover, an order does not "affect[] a substantial right" under Section 2505.02(B)(2) unless it is one that, "'if not immediately appealable, would foreclose appropriate relief in the future.'" *Southside Community Dev. Corp. v. Levin,* 116 Ohio St.3d 1209, 2007-Ohio-6665, ¶ 7, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶12} A party's inability to seek "appropriate relief in the future" has been equated with having "virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right." *State v. Chalender*, 99 Ohio App.3d 4, 7 (2d Dist.1994). A substantial right is not affected merely because the parties must wait until the final disposition to seek review of interlocutory issues in a dependency and neglect case. *See In re Adams*, 2007-Ohio-4840, at ¶ 44.

{¶13} In abuse, neglect, and dependency cases, the Ohio Supreme Court has identified one order that is appealable prior to the final placement of the child: the juvenile court's adjudication that a child is abused, neglected and/or "'dependent', as defined in R.C. Chapter 2151 followed by a disposition awarding temporary custody to a children services agency[.]" *In re Murray*, 52 Ohio St.3d 155 (1990), syllabus. The Court reasoned in *Murray* that the parents would not have an adequate opportunity to appeal the adjudication through a later appeal because the initial adjudication of the child would not be re-litigated; the ultimate disposition of the child

may not result in a permanent removal from the home; and the initial "temporary" removal of the child could last as long as two years. *See Adams* at ¶ 38-39.

**{¶14}** Moreover, the Ohio Supreme Court later held that the adjudication and initial temporary custody disposition cannot be challenged through a timely appeal from the final dispositional order. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 18. Therefore, if parents had no right to an immediate appeal from the adjudication and initial disposition of the child, they would have no opportunity to seek appellate review.

**{¶15}** Although Father's brief in support of jurisdiction argues otherwise, in *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, this Court did not recognize a right to appeal from an order issued after the adjudication and initial disposition, but merely extended the rationale of *Murray* and *Adams* to the unique facts of the case. In *Z.H.*, this Court found that it had jurisdiction to address the father's collateral attack of the adjudication and initial disposition of his child because he had not been served with notice of the proceedings until long after the time to appeal that order had lapsed. Consequently, the father was deprived of his right to participate in the trial court proceedings or to appeal from the adjudication and initial disposition of his child. *Id.* at ¶ 21. In that specific situation, because the father might have otherwise been foreclosed from seeking appellate review of the adjudication and initial disposition of his child, this Court had jurisdiction to hear the appeal from the trial court's denial of his motion to vacate the judgment. *See id*. at ¶ 11.

**{¶16}** Father does not attempt to appeal from an order that bears any of the same indicia of finality. Notably, unlike the father in *Z.H.*, Father was not previously and will not be foreclosed from seeking appropriate relief through an appeal after the conclusion of the trial court proceedings. He was given timely notice of all of the trial court proceedings, but did not

personally appear for any of the hearings. He could have, but did not, file a timely appeal from the adjudication and initial disposition of S.R.

{¶17} Although Father makes other arguments on appeal, his written motion to dismiss the complaint, and the trial court's order denying it, were solely based on Revised Code Section 2151.35(B)(1) and Juvenile Rule 34(A). Both the statute and rule provide that, after the trial court adjudicates a child as abused, neglected, or dependent, it "shall not issue a dispositional order" until after it holds a separate dispositional hearing, which "shall not be held more than ninety days after the date on which the complaint in the case was filed." If the trial court fails to comply with this 90-day time limitation, the statute and the rule further provide that "the court, on * * * the motion of any party * * *, shall dismiss the complaint without prejudice."

{¶18} To begin with, this Court must emphasize that a juvenile court's denial of a motion to dismiss a dependency complaint for failure to comply with the 90-day time requirement will typically accompany the initial dispositional order for the child and, therefore, be subject to immediate appellate review. It is apparent from the plain language of Revised Code Section 2151.35(B)(1) and Juvenile Rule 34(A) that the 90-day time limit of applies to the initial dispositional order in the case.

{¶19} Moreover, the 90-day time constraint is a procedural mechanism that reflects a "legislative intent to expedite hearings in child-custody cases[.]" *In re Brown*, 96 Ohio App.3d 306, 310 (2d Dist.1994). The trial court's denial of Father's motion to dismiss the complaint on this procedural basis was akin to the denial of a motion to dismiss a criminal complaint for the trial court's failure to comply with the time limits of the speedy trial statutes. *See* R.C. 2945.71-2945.73. The purpose of dismissing a criminal complaint for speedy trial violations similarly

reflects a policy that balances the needs of the accused and the public to ensure a prompt resolution of the proceedings. *See United States v. Ewell*, 383 U.S. 116, 120 (1966).

{¶20} Although the requirements and policy behind the time constraints in the juvenile and criminal proceedings are similar, the sanction for an untimely dispositional hearing in a dependency case is purely procedural, as the dismissal is without prejudice and allows the agency to file a new complaint. *See* R.C. 2151.35(B)(1); Juv.R. 34(A). A speedy trial violation has far more significant implications on the rights of a criminal defendant, as such a violation requires dismissal of the complaint with prejudice, barring new charges against the defendant based on the same conduct. *See* R.C. 2945.72(D).

{¶21} Nevertheless, Ohio does not recognize the denial of a motion to dismiss a complaint on speedy trial grounds as a final, appealable order. *See, e.g.*, *State v. Orr*, 8th Dist. Cuyahoga No. 100931, 2014-Ohio-4814, ¶ 15; *State v. Serednesky*, 7th Dist. Mahoning No. 99 CA 77, 1999 WL 1124763 (Nov. 22, 1999); *State v. Hare*, 10th Dist. Franklin No. 88AP-683, 1989 WL 73901 (July 6, 1989); *Middletown v. Jackson*, 8 Ohio App.3d 431, 431-432 (12th Dist.1983). Instead, it is subject to appellate review after the proceedings conclude, if the defendant is convicted and sentenced. *See State v. Siler*, 57 Ohio St.2d 1 (1979).

{¶22} Although the finality analysis in criminal proceedings is under Revised Code Section 2505.02(B)(1), rather than Section 2505.02(B)(2), the speedy trial cases illustrate that appellate review is not foreclosed by requiring the defendant to wait until after the final judgment. Consequently, Father has failed to demonstrate that the trial court's denial of his motion to dismiss the complaint is a final, appealable order.

{¶23} Father has failed to demonstrate that he would be foreclosed from seeking appellate review of the trial court's order denying his motion to dismiss after the final disposition

in this case. Consequently, this Court must dismiss the appeal for lack of a final, appealable, order.

Appeal dismissed.

––––

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

TONY PAXTON, Attorney at Law, for Appellee.

LINDA BENNETT, Guardian ad Litem.