[Cite as *State v. Payne*, 2016-Ohio-1411.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

State of Ohio,                           :

    Plaintiff-Appellee,             :       Case No. 16CA3

    v.                              :

Martin W. Payne,                         :

    Defendant-Appellant.            :       <u>DECISION AND JUDGMENT ENTRY</u>

                                    :       **RELEASED: 3/29/2016**

_____

<u>APPEARANCES:</u>

Martin A Payne, London, Ohio, pro se.

Brigham M. Anderson, Lawrence County Prosecutor, Ironton, Ohio for Appellee.
_____

HARSHA, A.J.

    Appellant Martin W. Payne appeals a trial court order denying his motion to dismiss his criminal case on speedy trial grounds. We ordered Payne to file a memorandum addressing whether this court has jurisdiction to consider the appeal because the order appealed from may not be a final appealable order. Payne failed to respond.

    We find that the trial court's entry is not a final appealable order and hereby **DISMISS** the appeal.

<u>Legal Analysis</u>

    Ohio law provides that appellate courts have jurisdiction to review only final

orders or judgments. *See, generally*, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.  "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; *see also*, *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02.

R.C. 2953.02 authorizes appellate courts to review the judgment or final order of a trial court in a criminal case. *State v. Muncie,* 91 Ohio St.3d 440, 444, 746 N.E.2d 1092 (2001). To determine whether the order issued by the trial court in a criminal proceeding is a final, appealable order, appellate courts must apply the definitions of "final order" contained in R.C. 2505.02. *Id.,* citing *State ex rel. Leis v. Kraft,* 10 Ohio St.3d 34, 36, 460 N.E.2d 1372 (1984); *see also State v. Anderson*, 138 Ohio St.3d 264, 268, 2014-Ohio-542, 6 N.E.3d 23, 27, ¶ 29 (2014).

For purposes of this appeal, the relevant portions of R.C. 2505.02 defining a final appealable order are:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> *                    *                    *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing

party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

"Thus, in order to qualify as a final, appealable order under R.C. 2505.02(B)(4), three requirements must be satisfied: (1) the order must grant or deny a provisional remedy as that term is defined in the statute, (2) the order must in effect determine the action with respect to the provisional remedy, and (3) the appealing party would not be afforded a meaningful review of the decision if that party had to wait for final judgment as to all proceedings in the action." *State v. Anderson,* 138 Ohio St.3d 264, 271, 2014-Ohio-542, 6 N.E.3d 23, 29-30, ¶ 42 (2014).

Although this appears to be a case of first impression in our district, six other appellate districts have reviewed interlocutory orders denying a motion to dismiss on speedy trial grounds and have held that these orders are not final appealable orders. *See State v. Orr,* 8th App. Dist. Cuyahoga App. No. 100931, 2014-Ohio-4814 ("Furthermore, the trial court's denial of a motion to dismiss on speedy trial grounds is not a final appealable order either."); *State v. Serednesky*, 7th Dist. Mahoning App. No. 99CA77, 1999 WL 1124763 (Nov. 22, 1999)(order denying a motion to dismiss on speedy trial grounds is not a final appealable order under R.C. 2505.02(B)(2) because it does not affect a substantial right, nor is it made in a special proceeding); *State v. Hare,* 10th Dist. Franklin App. No. 88AP-683, 1989 WL 73901 (July 6, 1989); *Village of Fredericktown v. Purdy*, 5th Dist. Knox App. No. 87CA28, 1988 WL 29630 (Feb. 17, 1988); *State v. Wysong*, 6th Dist. Lucas App. No. L-86-098, 1986 WL 14814 (Dec. 19,

1986); *City of Middletown v. Jackson,* 8 Ohio App.3d 431, 457 N.E.2d 898 (12th Dist. 1983). However, many of these cases were decided before the 1998 amendments to R.C. 2505.02 or they relied exclusively upon the pre-1998 cases. In 1998, the General Assembly amended R.C. 2505.02. 1998 Sub.H.B. No. 394, 147 Ohio Laws, Part II, 3277, 3278. The prior language of R.C. 2505.02 "was more restrictive concerning what constitutes a final, appealable order than the one currently in effect." *State v. Anderson*, 138 Ohio St.3d 264, 270, 2014-Ohio-542, 6 N.E.3d 23, 29, ¶ 40 (2014) quoting *State v. Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 7. Also, the United States Supreme Court has held that a defendant may not appeal a federal district court's order denying his motion to dismiss an indictment because of an alleged violation of his Sixth Amendment right to a speedy trial until after the trial*. United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18, syllabus (1978).

In *Anderson*, the Supreme Court of Ohio held that the denial of a motion to dismiss on double jeopardy grounds was a final, appealable order under the provisional remedy section of R.C. 2505.02(B)(4). "Provisional remedy" is defined in R.C. 2505.02(A)(3):

> (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

The Court held that a motion to dismiss on double jeopardy grounds was a proceeding ancillary to the criminal action and an order granting or denying the motion was a

provisional remedy:

>    As we recognized in *Muncie,* "for purposes of R.C. 2505.02(A)(3)'s definition, '[a]n ancillary proceeding is one that is attendant upon or aids another proceeding.' " *Muncie* at 449, 746 N.E.2d 1092, quoting *Bishop v. Dresser Industries,* 134 Ohio App.3d 321, 324, 730 N.E.2d 1079 (1999). An ancillary proceeding is an "ancillary suit," *Black's Law Dictionary* 101 (9th Ed.2009), i.e., "[a]n action, either at law or in equity, that grows out of and is auxiliary to another suit and is filed to aid the primary suit, to enforce a prior judgment, or to impeach a prior decree." *Id.* at 1572.
>
>    We have little trouble concluding that a motion to dismiss on double-jeopardy grounds is an ancillary proceeding.
>
>     A motion to dismiss on double-jeopardy grounds "grows out of" the primary suit, i.e., the prosecution. The act of prosecution triggers a defendant's constitutional protection against double jeopardy. A motion to dismiss is certainly "attendant" upon the underlying prosecution because it is "consequent; concomitant; associated; [and] related" to the prosecution. *The Random House Dictionary of the English Language* 133 (1987).
>
>    As one commentator has recognized, a motion to dismiss on double-jeopardy grounds is
>
>>    separate from and entirely collateral to the substantive issues at trial. The defendant's right not to be tried has nothing to do with guilt or innocence. The proceeding on the issue is independent of the main trial * * *. Such a position is entirely consistent with the court's willingness to broadly define what constitutes an ancillary hearing and thus a "provisional remedy" under R.C. 2505.02(A)(3).
>
>    John Paul Sellers III, *Between a Rock and a Hard Place: Does Ohio Revised Code Section 2505.02 Adequately Safeguard a Person's Right Not to Be Tried?,* 28 Ohio N.U.L.Rev. 285, 299 (2002). We agree.
>
>     A motion to dismiss on the basis of double jeopardy is a provisional remedy satisfying the first prong of the analysis

*State v. Anderson*, 2014-Ohio-542, ¶¶ 47-51.

Applying *Anderson*, we find that a motion to dismiss on speedy trial grounds is a

provisional remedy because, like a motion to dismiss on double jeopardy grounds, it is

"attendant upon or aids another proceeding" and "grows out of and is auxiliary to

another suit and is filed to aid the primary suit."  Like a double jeopardy determination, a

decision on a motion to dismiss on speedy trial grounds has nothing to do with a

defendant's guilt or innocence. Consequently, appellant's motion to dismiss on speedy

trial grounds qualifies as a "provisional remedy" under the first prong of the test set forth

in R.C. 2505.02(B)(4) and *Anderson*.

The second prong of the provisional remedy analysis is also satisfied in this case

because the trial court's order denying Payne's motion to dismiss on speedy trial

grounds, in effect, determines the action with respect to the provisional remedy,

because it permits the state to proceed with its criminal prosecution of the defendant.

*Anderson* at ¶ 42, 52

However, the third prong of the provision remedy analysis is not satisfied. The

appellant will be afforded a meaningful review of the decision by an appeal of the final

judgment as to all proceedings in the action. Interests protected by double jeopardy and

the interests protected by the speedy trial clause are not analogous.  In *Anderson*, the

Court stated that the reason an immediate appeal is necessary for a meaningful remedy

in a double jeopardy scenario is that the double jeopardy right protects an individual

from two trials and this right cannot be adequately protected if the defendant must sit

through a second trial before raising the issue on appeal:

> " 'A post-conviction appeal may offer *a* remedy, but not an *adequate* one *
> * *.' (Emphasis sic.)" *Chambliss,* 128 Ohio St.3d 507, 2011–Ohio–1785,
> 947 N.E.2d 651, at ¶ 26, quoting *State ex rel. Keenan,* 69 Ohio St.3d at
> 180, 631 N.E.2d 119 (Pfeifer, J., dissenting). In the context of double
> jeopardy, we agree that a postconviction appeal is not an adequate
> remedy "because the protection against double jeopardy is not just

protection against being punished twice for the same offense, it is also the protection against being tried twice for the same offense." *Wenzel,* 68 Ohio St.3d at 68, 623 N.E.2d 69 (Wright, J., dissenting).

*State v. Anderson*, 138 Ohio St.3d 264, 274, 2014-Ohio-542, 6 N.E.3d 23, 32, ¶ 58

(2014).

However, here we find a critical distinction between the interest protected by

double jeopardy rights and those protected by a speedy trial right. A defendant's right to

a speedy trial protects a defendant's right to be free from lengthy incarceration prior to

trial:

> The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696

(1982). Allowing an immediate appeal of an order denying a motion to dismiss on

speedy trial grounds would imperil, rather than protect, the right to a speedy trial.

"Allowance of appeals from interlocutory criminal orders would result in piecemeal

appeals that would ultimately delay and impede criminal justice administration." *City of*

*Middletown v. Jackson,* 8 Ohio App.3d 431, 432, 457 N.E.2d 898 (12th Dist. 1983).

In *State v. Torco Termite Pest Control*, 27 Ohio App.3d 233, 500 N.E.2d 401

(10th Dist. 1985), the court discussed the distinction between speedy trial concerns and

double jeopardy concerns. Torco appealed an order denying its motion to dismiss on

statute of limitations grounds and the appellate court dismissed the appeal because the

trial court's order was not a final, appealable order. The court found that there was no

immediate need for appellate review of the statute of limitation issue, finding the statute of limitations issue to be more closely aligned with speedy trial concerns and less like the double jeopardy concerns.  Double jeopardy rights "confer immunity from prosecution, and are offended by the very existence of a trial, where as statute of limitations, like the Speedy Trial Clause, are offended by delay before trial, and not the trial itself."  *Id.* at 235.  The court recognized, "Ohio law supports the distinction * * * between interests protected by the Double Jeopardy Clause and interest protected by the Speedy Trial Clause" noting that the denial of a motion to dismiss on double jeopardy grounds is immediately appealable, but the denial of a motion on speedy trial grounds is not a final appealable order. *Id.*

We find that an order denying a motion to dismiss on speedy trial grounds is not a final appealable order under R.C. 2505.02(B)(4). Even though it is an order that denies a provisional remedy and determines the action with respect to that remedy, the appealing party would be afforded a meaningful or effective remedy by an appeal following final judgment.  The third prong of the provisional remedy analysis, R.C. 2505.02(B)(4)(b), is not met.

Accordingly, we find the judgment entry appealed is not a final appealable order and the appeal is hereby **DISMISSED**.

The clerk shall serve a copy of this order on all counsel of record at their last known addresses by ordinary mail.

**APPEAL DISMISSED. COSTS TO APPELLANT.  IT IS SO ORDERED.**

Abele, J. & Hoover, J.:  Concur.

**FOR THE COURT**


_____
William H. Harsha
Administrative Judge