[Cite as *State v. Ober*, 2021-Ohio-3709.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-P-0091** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Municipal Court, Ravenna Division |
| JAMES S. OBER, | |
| Defendant-Appellant. | Trial Court No. 2020 TRC 08592 R |

## M E M O R A N D U M
## O P I N I O N

Decided: October 18, 2021
Judgment: Appeal dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*James S. Ober*, pro se, 6150 Allyn Road, Hiram, OH 44234 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} On September 1, 2021, appellant, James S. Ober, pro se, filed a notice of appeal from the trial court's August 6, 2021 denial of his August 5, 2021 "Withdraw of Statement." In the August 5th pleading, appellant moved the trial court to "withdraw statements made that were in the copy of the transcript where he may or may not have stated that [he] absolutely and unequivocally did not want [his] attorney, Michael Grueschow, to represent [him]." The docket reflects that appellant's trial counsel was granted permission to withdraw as counsel on July 26, 2021.

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶10} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

Case No. 2021-P-0091

{¶11} Here, the trial court merely denied appellant's pro se pretrial motion to withdraw his statements. There is no indication in the record that the charges against appellant of OVI refusal to submit to chemical tests, driving in marked lanes, and the seatbelt violation have been heard and that he has been convicted and sentenced on the charges.

{¶12} Thus, this appeal is premature since there is no final judgment which could be the subject of an appeal at this time. *See State v. Bittner,* 11th Dist. Lake No. 2019-L-166, 2020-Ohio-544; *State v. Payne*, 4th Dist. Lawrence No. 16CA3, 2016-Ohio-1411; *State v. Anderson,* 7th Dist. Mahoning No. 11-MA-43, 2012-Ohio-4390; *State v. Evans*, 6th Dist. Lucas No. L-08-1095, 2008-Ohio-2093.

{¶13} Accordingly, the appeal is dismissed for lack of a final appealable order.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

3