[Cite as *State v. Marbuery-Davis*, 2016-Ohio-898.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-001** |
| MICHAEL S. MARBUERY-DAVIS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2013 CR 000914.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Michael S. Marbuery-Davis,* pro se*,* Lake County Jail, 104 East Erie Street, Painesville, OH 44077 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Michael S. Marbuery-Davis, pro se, filed a notice of appeal on January 5, 2016. Appellant indicated on his notice that he was a appealing from a December 28, 2015 trial court order striking his counterclaim and any related discovery.

{¶2} The record reflects that on April 25, 2013, appellant was indicted on charges of possession of heroin, possession of cocaine, and possession of marihuana. His original jury trial was set for September 22, 2015. Thereafter, appellant filed several

pro se motions, including an answer and counterclaim on October 14, 2015, and a request for interrogatory discovery on October 29, 2015. In the appealed entry, the court struck the pleadings and ordered that the matter be set for trial on January 20, 2016, at 8:30 a.m.

{¶3} The instant appeal followed on January 5, 2016, and the trial never went forward on January 20, 2016.

{¶4} Appellee, the state of Ohio, filed a motion to dismiss the appeal for lack of a final appealable order on January 8, 2016.

{¶5} No brief or memorandum in opposition to the motion has been filed.

{¶6} Pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal from a criminal case if the appeal is from a "judgment or final order."

{¶7} In addition, R.C. 2505.02(B) defines a final appealable order, in part, as the following:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

2

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. * * *"

{¶15} Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964).

{¶16} In the instant matter, since the trial court has merely stricken appellant's counterclaim and request for interrogatory discovery, the entry does not qualify as a final appealable order under R.C. 2505.02. There is no basis for appeal at this time because the case has not gone to trial, and no sentence has been issued yet. The appeal is premature.

{¶17} Thus, appellee's motion to dismiss for lack of a final appealable order is granted.

{¶18} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,
TIMOTHY P. CANNON, J.,
concur.