[Cite as *State v. Thompson*, 2018-Ohio-4177.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0066** |
| MICHAEL THOMPSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2018 CR 00075.

Judgment:  Appeal dismissed.


*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Michael Thompson,* pro se, Portage County Jail, 8240 Infirmary Road, Ravenna, OH 44266 (Defendant-Appellant).



DIANE V. GRENDELL, J.

{¶1}    Appellant, Michael Thompson, filed a pro se appeal from the trial court's August 23, 2018 judgment entry.  At the end of the entry, the court stated the following:

{¶2}    "* * * [T]he Court finds that the jury returned a verdict of 'GUILTY' to the charge contained in Count One of the Indictment, said charge being 'Possession of Cocaine", a felony of the fifth degree, in violation of R.C. 2925.11 AC4a.'

{¶3} "IT IS THEREFORE ORDERED Defendant shall remain in custody and this matter is referred to Portage County Adult Probation for an expedited Statutory Investigation and Report."

{¶4} R.C. 2505.02(B) defines the types of orders that constitute a final appealable order:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶12} * * *."

{¶13} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."

Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964).

{¶14}  Here, there has been no disposition of the underlying case.  The court has not made a finding on the verdict, and there is no sentence.  The matter was merely referred to the probation department for a Statutory Investigation and Report.  Pursuant to Crim.R. 32(C), a criminal judgment must contain the fact of conviction and the court's sentence.  The appeal is premature as neither of the foregoing have been accomplished yet.

{¶15}  Accordingly, this appeal is hereby dismissed, sua sponte, for lack of jurisdiction.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.