[Cite as *State v. Eyajan*, 2018-Ohio-4570.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2018-A-0080** |
| | | **2018-A-0081** |
| | | **2018-A-0082** |
| SHEILA M. EYAJAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case Nos. 2018 CRB 01444 A, B, C.

Judgment: Appeals dismissed.

*Michael Franklin,* Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Sheila M. Eyajan,* pro se, P.O. Box 790, 10106 Station Road, Northeast, PA 16428 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} On October 12, 2018, appellant, Sheila M. Eyajan, pro se, filed a notice of appeal from the trial court's denial of a jury trial.

{¶2} Attached to appellant's notice is a pleading that she filed with the trial court requesting an extension of time for a pretrial hearing and for a jury trial to be set after November 2018. At the bottom of the pleading, the trial court judge granted the motion for extension on the pretrial hearing and added a handwritten notation that: "jury

trial request not timely filed." This pleading/judgment entry is time-stamped September 25, 2018.

{¶3} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶11} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a

2

disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶12} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been convicted or sentenced in her criminal cases. In fact, appellant's trial was set for November 27, 2018, but the court cancelled the trial and stayed any further proceedings as appellant filed her notice of appeal on October 12, 2018. The appeals are premature. Appellant has a remedy to appeal when the cases are concluded by the trial court.

{¶13} Accordingly, the appeals are hereby, sua sponte, dismissed for lack of jurisdiction.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3