[Cite as *State v. Allenbaugh*, 2019-Ohio-929.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO.   2019-A-0017** |
| MARK H.  ALLENBAUGH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 2017 TRD 04031.

Judgment:  Appeal dismissed.

*Michael Franklin,* Ashtabula City Solicitor, and *Lori B. Lamer,* Assistant City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH  44004 (For Plaintiff-Appellee).

*Mark H. Allenbaugh,* pro se, 2934 Shirley Street, Ashtabula, OH  44004 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Appellant filed a pro se notice of appeal on January 28, 2019, from the trial court's entry of December 10, 2018 finding him guilty of speeding and the court's December 31, 2018 entry denying his motion for new trial.

{¶2}    For the following reasons, this court lacks jurisdiction to consider the appeal.

{¶3} R.C. 2505.02(B) defines the types of orders that constitute a final appealable order:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶11} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 11th Dist. Portage No. 2018-

P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶12} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been sentenced in his criminal case. Moreover, the trial court has stayed sentencing due to the pending appeal. Also, the denial of the motion for new trial is interlocutory until the case is concluded. Appellant has a remedy to appeal after sentencing.

{¶13} Accordingly, the appeal is hereby, sua sponte, dismissed for lack of jurisdiction.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

3