[Cite as *State v. Eyajan*, 2019-Ohio-1405.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-A-0023**<br>**2019-A-0025**<br>**2019-A-0026** |
| SHEILA M. EYAJAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Ashtabula Municipal Court, Case Nos. 2018 CRB 01444 A, B, C.

Judgment: Appeals dismissed.

*Michael Franklin,* Ashtabula City Solicitor, and *Lori B. Lamer,* Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Sheila M. Eyajan,* pro se, P.O. Box 790, 10106 Station Road, Northeast, PA 16428 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} On February 15, 2019, appellant, Sheila M. Eyajan, pro se, filed a notice of appeal from the trial court's January 17, 2019 judgment striking her motion to appoint alternative counsel.

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶10} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

2

{¶11} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been convicted or sentenced in her criminal cases. Appellant has previously filed premature appeals, before the trial court has had an opportunity to proceed in the criminal case and enter a final judgment. *See State v. Eyajan,* 11th Dist. Ashtabula Nos. 2018-A-0080, 2018-A-0081, 2018-A-0082, 2018-Ohio-4570; *State v. Eyajan*, 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-A-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009, 2019-A-0010, 2019-Ohio-419. The foregoing appeals were dismissed for lack of jurisdiction.

{¶12} We hold that this court still lacks jurisdiction. Appellant has a remedy to appeal when the cases are concluded by the trial court.

{¶13} Appeals dismissed sua sponte for lack of jurisdiction.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

3