[Cite as *State v. Brantweiner*, 2019-Ohio-4656.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-L-115** |
| - vs - | : | **2019-L-116** |
| | | **2019-L-117** |
| JO ANN BRANTWEINER, | : | **2019-L-118** |
| | | **2019-L-119** |
| Defendant-Appellant. | : | **2019-L-120** |
| | | **2019-L-121** |
| | | **2019-L-122** |

Criminal Appeals from the Willoughby Municipal Court, Case Nos. 2019 CRB 01631 A, B, C, D, E, F, G, H.

Judgment: Appeals dismissed.

*J. Jeffrey Holland,* Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth,* P.O. Box 17, Bolivar, OH 44612 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellee, the state of Ohio, moves to dismiss the appeals for lack of a final appealable order. Appellant, Jo Ann Brantweiner, filed a response in opposition to the motion. For the following reasons, we find that appellee's motion has merit.

{¶2} Multiple counts of cruelty against companion animals were brought against appellant in the Willoughby Municipal Court. In a September 5, 2019 entry, the trial court denied appellant's motion to continue, and her supplement to the motion to

continue, and ordered that the final pre-trial be held on September 19, 2019. In her notice of appeal, appellant indicates that she appeals the trial court's September 13, 2019 entry which denied her motion for reconsideration of her motion to continue the pre-trial and her supplement to the motion to continue.

{¶3} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶11} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Further,

2

the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶12} In this case, there has been no disposition of the underlying cause i.e., appellant has not been convicted or sentenced in her criminal cases. Appellant's contention that the appealed entry compels discovery and is a provisional remedy is not supported. The entry merely denies reconsideration of the court's previous entry denying appellant's motion to continue the pre-trial.

{¶13} As an aside, if the September 5th entry denying appellant's motion to continue the pre-trial was a final order, the trial court's reconsideration of that judgment would be a nullity. Only interlocutory orders are subject to motions for reconsideration. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981). Neither the September 5th entry nor the September 13th entry are currently reviewable by this court.

{¶14} Thus, appellee's motion to dismiss the appeals for lack of a final appealable order is granted. Appellant has a remedy to appeal when the cases are concluded by the trial court.

{¶15} Appeals dismissed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

3