[Cite as *State v. Bechtel*, 2019-Ohio-4652.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NOS. 2019-L-107** |
| - vs - | : | **2019-L-108** |
| | | **2019-L-109** |
| NADINE BECHTEL, | : | **2019-L-110** |
| | | **2019-L-111** |
| Defendant-Appellant. | : | **2019-L-112** |
| | | **2019-L-113** |
| | | **2019-L-114** |

Criminal Appeals from the Willoughby Municipal Court, Case Nos. 2019 CRB 01630 A, B, C, D, E, F, G, H.

Judgment: Appeals dismissed.

*J. Jeffrey Holland,* Holland and Muirden, 1343 Sharon-Copley Road, P.O. Box 345, Sharon Center, OH 44274 (For Plaintiff-Appellee).

*Michela J. Huth,* P.O. Box 17, Bolivar, OH 44612 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellee, the state of Ohio, moves to dismiss the appeals for lack of a final appealable order. Appellant, Nadine Bechtel, opposes. For the following reasons, appellee's motion has merit.

{¶2} Multiple cruelty to companion animal counts were brought against appellant in the Willoughby Municipal Court. In a September 5, 2019 entry, the trial court denied appellant's motion to continue and her supplement to the motion to

continue the final pre trial which was ultimately held September 19, 2019. Appellant's notice of appeal purports to appeal the trial court's September 13, 2019 denial of her motion to reconsider the judgment denying the continuance.

{¶3} R.C. 2505.02 defines the types of orders that constitute final appealable orders:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action * * *."

{¶11} A court of appeals has jurisdiction to hear a criminal appeal from a "judgment or final order." R.C. 2953.02. "In a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the

2

cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶12} Here, there has been no disposition of the underlying cause because appellant has not been convicted or sentenced. Appellant's contention that the appealed entry compels discovery and is a provisional remedy is unsupported. The entry merely denies reconsideration of the court's previous order denying appellant's motion to continue the pre trial.

{¶13} Appellee's motion to dismiss for lack of a final appealable order is granted. Appellant's remedy is to appeal after final disposition.

{¶14} Appeals dismissed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.