[Cite as *State v. Bittner*, 2020-Ohio-544.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-166** |
| CASSIDY LEE BITTNER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2019 CR000613.

Judgment: Appeal dismissed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Cassidy Lee Bittner,* pro se, A/R, UCCI-308, 1651 Mentor Avenue, #1502, Painesville, OH 44077 (Defendant-Appellant).


MARY JANE TRAPP, J.

{¶1} On December 13, 2019, appellant, Cassidy Lee Bittner, pro se, filed a notice of appeal from the trial court's November 26, 2019 judgment entry striking her "Memorandum of Law in Support of Demand for Relief" filed November 12, 2019.

{¶2} Appellee, the state of Ohio, filed a motion to dismiss the appeal for lack of jurisdiction on January 8, 2020, asserting that the trial court has not issued a final appealable order. Appellant has not been convicted and sentenced. In fact, the jury

trial scheduled for January 14, 2020 was stayed by the trial court due to the filing the present appeal. Appellant filed an opposition to the motion on January 21, 2020.

{¶3} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶4} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶5} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶6} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶7} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶8} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶9} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶11} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a

2

disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Eyajan,* 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-A-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009, 2019-A-0010, 2019-Ohio-419; *State v. Thompson,* 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶12} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been convicted or sentenced in her criminal case. Appellant has a remedy to appeal when the case is concluded by the trial court.

{¶13} Accordingly, appellee's motion to dismiss is granted, and the appeal is dismissed for lack of a final appealable order.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.