[Cite as *State v. Nixon*, 2021-Ohio-3081.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-P-0077** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| DAVID A. NIXON, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00626 |

# **M E M O R A N D U M**
# **O P I N I O N**

Decided: September 7, 2021
Judgment: Appeal dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David A. Nixon,* pro se, Portage County Jail, 8240 Infirmary Road, Ravenna, OH 44266 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} On July 23, 2021, appellant, David A. Nixon, pro se, filed a notice of appeal from the trial court's July 12, 2021 judgment entry which orders: "[appellant's] bond is set at $100,000 cash or surety and shall have a Temporary Protection Order."

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶10} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Eyajan,* 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-A-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009, 2019-A-0010, 2019-Ohio-419; *State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

2

Case No. 2021-P-0077

{¶11} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been convicted.

{¶12} Accordingly, the appeal is dismissed for lack of a final appealable order.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2021-P-0077