[Cite as *State v. Kovach*, 2022-Ohio-891.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-G-0003** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| STACEY KOVACH, | |
| Defendant-Appellant. | Trial Court No. 2018 C 000136 |

### M E M O R A N D U M
### O P I N I O N

Decided: March 21, 2022
Judgment: Appeal dismissed

*James R. Flaiz,* Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Chardon, OH 44024 (For Plaintiff-Appellee)

*Stacey Kovach*, pro se, Geauga County Jail, 12450 Merritt Road, Chardon, OH 44024 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} On February 10, 2022, appellant, Stacey Kovach, pro se, filed a notice of appeal. No judgment entry is attached to the notice, but appellant indicates on her notice that she is appealing a February 1, 2022 entry.

{¶2} On February 1, 2022, a notation was made on the trial court docket reflecting that appellant was found guilty by a jury on all counts. No sentencing entry was issued, and a February 8, 2022 docket notation reflects that the sentencing hearing is scheduled for April 27, 2022.

{¶3} On February 16, 2022, appellee, the state of Ohio, filed a motion to dismiss the appeal for lack of jurisdiction because the trial court has not issued a final appealable order which sentences appellant.

{¶4} Appellant filed a response in opposition to the motion on February 28, 2022.

{¶5} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶6} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶7} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶9} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶10} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶11} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶12} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶13} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."

2

Case No. 2022-G-0003

{¶14} Further, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Eyajan,* 11th Dist. Ashtabula Nos. 2019-A-0005, 2019-A-0006, 2019-A-0007, 2019-A-0008, 2019-A-0009, 2019-A-0010, 2019-Ohio-419; *State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶15} In the present case, there has been no disposition of the underlying cause i.e., appellant has not been sentenced in her criminal case. This appeal is premature, and appellant has a remedy to appeal when the case is concluded by the trial court.

{¶16} Accordingly, appellee's motion to dismiss is granted, and the appeal is dismissed for lack of a final appealable order.


THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.