[Cite as *State v. Nixon*, 2022-Ohio-4467.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-P-0067** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| DAVID A. NIXON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00534 |

### M E M O R A N D U M
### O P I N I O N

Decided: December 12, 2022
Judgment:  Appeal dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*David A. Nixon,* pro se, Portage County Justice Center, 8240 Infirmary Road, Ravenna, OH  44266 (Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}    On November 8, 2022, appellant, David A. Nixon, pro se, filed a notice of appeal from an October 24, 2022 judgment entry of the Portage County Court of Common Pleas which denied his motion to dismiss the amended indictment.

{¶2}    R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3}    "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9} * * *."

{¶10} In regard to criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964).

{¶11} The appealed judgment does not conform to any of the criteria in R.C. 2505.02 for being a final appealable order. The docket reflects that trial court granted judgment on the verdict on October 28, 2022. The appeal was filed November 8, 2022. On November 16, 2022, the trial court scheduled the sentencing hearing for November

Case No. 2022-P-0067

18, 2022. This appeal has been prematurely filed. Appellant can appeal once he is sentenced.

{¶12} Accordingly, the appeal is dismissed for lack of jurisdiction.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2022-P-0067