[Cite as *State v. Jones*, 2024-Ohio-398.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF RAVENNA,<br><br>　　　　　Plaintiff-Appellee,<br><br>- vs -<br><br>RICHARD LEE JONES,<br><br>　　　　　Defendant-Appellant. | CASE NOS.　2024-P-0003<br>　　　　　　　　2024-P-0004<br><br>Criminal Appeals from the<br>Municipal Court, Ravenna Division<br><br><br>Trial Court Nos.　2023 CRB 02161 R<br>　　　　　　　　　　2023 TRD 08716 R |

## MEMORANDUM OPINION

Decided: February 5, 2024
Judgment: Appeals dismissed

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Richard Lee Jones,* pro se, 6677 Garfield Road, Ravenna, OH  44266 (Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}　Appellant filed notices of appeal, pro se, on January 11, 2024, from the trial court's November 29, 2023 entry finding him guilty of count one, obstructing official business, and count two, tail lights/license plate light, and ordering a presentence investigation report.  The entry further states "sentencing to be set forthwith."

{¶2}　The docket reflects that the trial court issued an entry on January 11, 2024 continuing the scheduled sentencing hearing due to the filing of the appeals.

{¶3} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 11th Dist. Portage No. 2018-P-0066, 2018-Ohio-4177; *State v. Marbuery-Davis*, 11th Dist. Lake No. 2016-L-001, 2016-Ohio-898.

{¶4} Here, there has been no disposition of the underlying matters i.e., appellant has not been sentenced in his criminal cases. Moreover, the trial court has stayed sentencing due to the pending appeals. The appeals are premature, and appellant has a remedy to appeal after sentencing.

{¶5} Accordingly, the appeals are hereby dismissed, sua sponte.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

2

Case Nos. 2024-P-0003 and 2024-P-0004