**[Cite as *State v. Jones*, 2024-Ohio-6114.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-A-0056** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| ODRAYE G. JONES a.k.a.<br>MALIK ALLAH-U-AKBAR, | Trial Court No. 1997 CR 00221 |
| Defendant-Appellant. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 31, 2024
Judgment: Appeal dismissed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Odraye G. Jones a.k.a. Malik Allah-U-Akbar*, pro se, Ashtabula County Jail, 25 West Jefferson Street, Jefferson, OH 44047 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} On June 18, 2024, appellant, Odraye G. Jones a.k.a. Malik Allah-U-Akbar filed a pro se notice of appeal from two judgment entries issued by the trial court on June 12, 2024. In the first entry, the trial court considered 27 pro se motions, 25 of which were determined to be outside of the scope of the Sixth Circuit Court of Appeals' limited remand and, therefore, dismissed. Appellant's motion to recuse was overruled, and his motion to

prohibit appearance in restraints and prison clothes was overruled in part and granted in part. In the second entry, the trial court ordered appellant to be removed as his own counsel and reinstated standby counsel as trial counsel. The trial court then indicated that the matter would be set for a new penalty phase proceeding.

{¶2} On June 26, 2024, appellee, the State of Ohio, filed a motion to dismiss the appeal for lack of a final appealable order. After appellant filed an amended notice of appeal on July 8, 2024, the State filed a second motion to dismiss the amended notice the following day. On July 9, 2024, Attorney Shank filed a response to the State's motion to dismiss the initial appeal. Attorney Shank's response was later stricken as appellant filed the appeal pro se and did not request appointed counsel.

{¶3} The State filed a response and second motion to dismiss the amended notice of appeal on July 23, 2024. The State asserts that appellant's sentence was vacated by the trial court on May 29, 2024 and "[w]ithout a sentence in this case, there is no final appealable order." Appellant filed pro se responses to the State's motion on August 1, 2024 and August 8, 2024. Contained within other filings, the State filed renewed motions to dismiss on August 27, 2024 and August 29, 2024. Appellant filed additional pro se responses to the State's motions to dismiss on September 9, 2024, September 11, 2024, and October 15, 2024.

{¶4} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

2

Case No. 2024-A-0056

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶12} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 2018-Ohio-4177 (11th Dist.); *State v. Marbuery-Davis*, 2016-Ohio-898 (11th Dist.).

{¶13} Here, because the trial court's June 8, 1998 sentencing order was vacated on May 29, 2024, there is no order which disposes of the underlying cause. Appellant

cites to no authority that gives this Court jurisdiction at this point in the proceedings. Appellant has a remedy to appeal when his case has been concluded by the trial court.

{¶14} Further, the denial of a defendant's request to proceed pro se is not a final appealable order and cannot be raised as an interlocutory appeal. *See United States v. Sueiro*, 946 F.3d 637, 643 (4th Cir. 2020).

{¶15} Accordingly, the State's motions to dismiss are granted and the appeal is hereby dismissed for lack of jurisdiction.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

4

Case No. 2024-A-0056