[Cite as *State v. Jones*, 2024-Ohio-6113.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

ODRAYE G. JONES a.k.a.
MALIK ALLAH-U-AKBAR,

      Defendant-Appellant.

CASE NO. 2024-A-0028

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 1997 CR 00221

# MEMORANDUM OPINION

Decided: December 31, 2024
Judgment: Appeal dismissed

*Coleen M. O'Toole*, Ashtabula County Prosecutor, and *Mark Majer*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*S. Adele Shank*, 4656 Executive Drive, Suite 201B, Columbus, OH 43220 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} On March 4, 2024, appellant, Odraye G. Jones a.k.a. Malik Allah-U-Akbar filed a pro se notice of appeal from two judgment entries issued by the trial court on February 23, 2024 and February 26, 2024. In the first entry, the trial court considered six pro se motions. Each motion was determined to be outside of the scope of the Sixth Circuit Court of Appeals' limited remand and, therefore, dismissed. The trial court further indicated that many of appellant's arguments regarding his conviction were res judicata

barred as his conviction had been litigated and affirmed. In the second entry, the trial court granted in part and overruled in part, appellant's motion for judicial notice of legal name. The trial court took judicial notice of the name change however determined "[f]or purposes of the record, 'in the interest of clarity and continuity,' this court will continue to refer to appellant as Mr. Jones."

{¶2} On June 26, 2024, appellee, the State of Ohio, filed a motion to dismiss for lack of a final appealable order. On July 9, 2024, appellant, through appointed counsel, filed a response to the State's motion to dismiss. However, appellant's pleading did not address the judgment entries subject to this appeal.[1] The State filed a second motion to dismiss and request for placement on the accelerated calendar on July 23, 2024. The State asserts that appellant's sentence was vacated by the trial court on May 29, 2024 and "[w]ithout a sentence in this case, there is no final appealable order."

{¶3} On August 2, 2024, appellant filed a pro se motion to dismiss this appeal. On August 29, 2024, this Court struck the pro se filing and ordered that all future filings be made through appellant's appointed counsel. The entry also gave leave to appointed counsel to supplement her response to the State's motions to dismiss regarding the trial court's February 23, 2024 and February 26, 2024 entries which are the subject of this appeal. Appellate counsel filed such a response on September 12, 2024. Both of these entries were made prior to the trial court's vacation of appellant's sentence.

{¶4} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

---

1. Appellant's response addressed judgment entries subject to appellant's pro se appeal, *State v. Jones*, 11th Dist. Case No. 2024-A-0056.

Case No. 2024-A-0028

{¶5} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶6} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶7} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶8} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶9} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶10} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶11} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶12} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107(1964); *see also State v. Thompson*, 2018-Ohio-4177 (11th Dist.); *State v. Marbuery-Davis*, 2016-Ohio-898 (11th Dist.).

3

{¶13} In the response to State's motion to dismiss, appellant asserts that the trial court's February 23, 2024 judgment entry is a nullity as the trial court later vacated appellant's sentence in accordance with the remand from the federal court. Appellant also claims that "any issue that is still relevant [from the February 23, 2024 judgment entry] can be raised during the future court proceedings." We agree.

{¶14} Because the trial court's June 8, 1998 sentencing entry was vacated on May 29, 2024, there is no order which disposes of the underlying cause. Appellant cites to no authority that gives this Court jurisdiction at this point in the proceedings. Appellant has a remedy to appeal when his case has been concluded by the trial court.

{¶15} Further, as to the trial court's February 26, 2024 entry, wherein the trial court granted appellant's motion to take judicial notice of his name change but indicated it would continue to refer to appellant as "Mr. Jones" for clarity and continuity purposes, this entry is also not a final appealable order for the reasons stated above. We note, such order is consistent with the United States Court of Appeals, Sixth Circuit, which acknowledges appellant's name change but "[f]or purposes of clarity and continuity" would "continue to refer to petitioner by his former name." *Jones v. Bradshaw*, 856 Fed.Appx. 608, 609, fn.1 (6th Cir., 2021).

{¶16} Accordingly, State's motions to dismiss are granted, and the appeal is hereby dismissed for lack of jurisdiction.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

4

Case No. 2024-A-0028