[Cite as *State v. Robinson*, 2025-Ohio-3120.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WARREN,<br><br>     Plaintiff-Appellee,<br><br>- vs -<br><br>ZACHARY ROBINSON,<br><br>     Defendant-Appellant. | CASE NO. 2025-T-0044<br><br>Criminal Appeal from the<br>Warren Municipal Court<br><br>Trial Court No. 2023 CRA 000641 |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: September 2, 2025
Judgment: Appeal dismissed

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Candace C. Garrett*, P.O. Box 173, Greenville, PA 16125 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} On June 24, 2025, appellant, Zachary Robinson, through counsel, filed a notice of appeal from the trial court's June 24, 2025 entry reflecting that a preliminary hearing was held and bond was continued.

{¶2} R.C. 2505.02 defines the types of orders that constitute a final appealable order:

{¶3} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶4}   "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶5}   "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶6}   "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶7}   "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶8}   "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶9}   "(5) An order that determines that an action may or may not be maintained as a class action . . . ."

{¶10}  Pursuant to R.C. 2953.02, in criminal cases, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order." Furthermore, the Supreme Court of Ohio has stated that "in a criminal case there must be a sentence which constitutes a judgment or a final order which amounts 'to a disposition of the cause' before there is a basis for appeal." *State v. Chamberlain*, 177 Ohio St. 104, 106-107 (1964); *see also State v. Nixon*, 2022-Ohio-4467 (11th Dist.)*; State v. Thompson*, 2018-Ohio-4177 (11th Dist.).

{¶11}  Here, there has been no disposition of the underlying cause; appellant has not been convicted and sentenced. Therefore, the appeal is premature. Appellant has a remedy to appeal when his case is concluded by the trial court.

Case No. 2025-T-0044

{¶12} Appeal dismissed, sua sponte, for lack of jurisdiction.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-T-0044

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed, sua sponte, for lack of jurisdiction.

Any pending motions are hereby overruled as moot.

Costs shall be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI


_____
JUDGE MATT LYNCH,
concurs


_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-T-0044