[Cite as *State v. Jordan*, 2026-Ohio-782.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

OSHAY LOPAT JORDAN,

      Defendant-Appellant.

CASE NO. 2025-L-054

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 000834

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Appeal dismissed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Allison F. Hibbard*, 4403 St. Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}    Appellant, Oshay Lopat Jordan, appeals the judgment of the Lake County Court of Common Pleas convicting him of one count of having weapons under disability, a felony of the third degree, and one count of possession of cocaine, a felony of the fifth degree. Each count carried a forfeiture specification. The appeal is dismissed for lack of a final, appealable order.

{¶2}    Police responded to multiple 911 calls reporting a disturbance at Jordan's Willoughby apartment involving a dispute over money allegedly transferred via a cash application on Jordan's phone. Both Jordan and Destiny Thomas, one of the individuals

involved, contacted police. Upon arrival, officers encountered Thomas and Keshawnda Lewis-Gunnell, whom the evidence established were engaged in prostitution, at the scene. All three individuals were arrested. A subsequent search of Jordan's apartment yielded a firearm and suspected crack cocaine.

{¶3} In November 2024, Jordan was indicted on one count of having weapons under disability, in violation of R.C. 2923.13(A)(2), a felony of the third degree (with a forfeiture specification, as set forth in R.C. 2941.1417 and R.C. 2981.04); one count of having weapons under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree (with a forfeiture specification, as set forth in R.C. 2941.1417 and R.C. 2981.04); one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11 (with a forfeiture specification, as set forth in R.C. 2941.1417 and R.C. 2981.04); one count of resisting arrest, in violation of R.C. 2921.33(B), a misdemeanor of the first degree; one count of obstructing official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree; and one count of soliciting, in violation of R.C. 2907.24(A), a misdemeanor of the third degree.

{¶4} Jordan pleaded not guilty to the charges, and the matter proceeded to jury trial. Prior to trial, Jordan moved to represent himself and, after a thorough hearing relating to his waiver of his right to counsel, the trial court granted the motion. His former attorney was designated "standby counsel" for purposes of trial. Further, the State moved to dismiss the resisting arrest and obstructing official business charges, which the trial court granted.[1]

---

1. Although the point is procedurally subtle, the trial court's judgment entry indicates that *the State* dismissed the resisting arrest and obstructing counts. According to the criminal rules and Ohio statute, however, a dismissal is only effective with the court's approval. A prosecutor must have leave of court before an indictment will be dismissed. Crim.R. 48(A). Further, R.C. 2941.33 provides: "The prosecuting

Case No. 2025-L-054

{¶5}　　Trial commenced and the jury found Jordan guilty on the remaining counts. After a sentencing hearing, the trial court merged the two weapons under disability counts and sentenced Jordan on one such count as well as the possession of cocaine count. The trial court *did not* enter sentence on the soliciting count. Jordan was ordered to serve four years community control with 10 days of local incarceration and credit for the 10 days served. Jordan filed a notice of appeal. After he filed his merit brief, the State moved to dismiss the matter. The State subsequently filed its brief. Jordan assigns the following as error:

{¶6}　　"Appellant's conviction is against the manifest weight of the evidence; therefore, his conviction is in violation of the Ohio state constitution and the Sixth and Fourteenth Amendments to the United States Constitution."

{¶7}　　Jordan's sole assignment of error challenges the weight of the evidence relating only to the jury's guilty verdict on the soliciting charge. Jordan, however, was not *convicted* of soliciting, and therefore the verdict is not a final, appealable order.

{¶8}　　This court's appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). "In the absence of a final, appealable order, an appellate court does not have jurisdiction to review the matter and must dismiss the appeal." *State v. Parks*, 2023-Ohio-3310, ¶ 5 (11th Dist.). Crim.R. 32(C) sets forth what must be contained in a judgment of conviction for it to be valid; it provides, in part, that "[a] judgment of conviction

---

attorney shall not enter a nolle prosequi in any cause without leave of the court, on good cause shown, in open court. A nolle prosequi entered contrary to this section is invalid." Accordingly, the trial court must approve the voluntary dismissal by the State. "These rules and statutes have been promulgated and enacted in order to curb abuses of executive prerogative." *State v. Mucci*, 2002-Ohio-6896, ¶ 27 (7th Dist.). Here, the trial court approved of the State's dismissal of the counts and therefore the proceedings complied with the law.

Case No. 2025-L-054

shall set forth the fact of conviction and the sentence" and that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." Accordingly, the Supreme Court of Ohio has held that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester,* 2011-Ohio-5204, paragraph one of the syllabus. *See also State v. Carlisle,* 2011-Ohio-6553, ¶ 11 (a judgment of conviction is final when it meets each of the requirements of Crim.R. 32(C)). As it pertains to this matter, "'[f]inal judgment in a criminal case means sentence. The sentence is the judgment.'" *State v. Chamberlain*, 177 Ohio St. 104, 106 (1964), quoting *Berman v. United States*, 302 U.S. 211, 212 (1937); *see also State v. Thompson*, 2018-Ohio-4177, ¶ 13 (11th Dist.).

{¶9} No sentence was entered on the solicitation guilty verdict. Neither the record of the sentencing hearing nor the judgment entry suggests the trial court ordered a sentence on the verdict. No objection was entered on this point. Because Jordan has not been sentenced on the solicitation count, the appeal was not taken from a final order, and this court lacks jurisdiction to consider the appeal. The State's motion to dismiss is accordingly granted.

{¶10} Mr. Jordan's appeal is dismissed.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-054

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that appellee's motion to dismiss is granted, and the appeal is dismissed for lack of jurisdiction. Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-054